UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILL LEHMAN,

        Plaintiff,                                Case Number 25-11846

v.                                               Honorable David M. Lawson

U.S. DEPARTMENT OF LABOR and
LORI CHAVEZ-DEREMER, Secretary,
Department of Labor,

        Defendants.
_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS

On September 24, 2025, the Court established preliminary scheduling benchmarks in this matter, including a deadline of October 31, 2025 for the Secretary of Labor to produce to the plaintiff a statement of reasons for the Secretary's decision on the plaintiff's election grievances. The matter now is before the Court on the government's motion to stay all proceedings in this case and to suspend the deadline for producing a statement of reasons due to a lapse in appropriations, which precipitated a federal government shutdown starting on October 1, 2025. *See* CNN: No clear path out of the shutdown as Trump administration warns of 'imminent' layoffs (Oct. 2, 2025), https://www.cnn.com/politics/live-news/government-shutdown-news-10-02-25.

The plaintiff filed an opposition to the motion citing the Department of Labor's "Plan for the Continuation of Limited Activities During a Lapse in Appropriations," recently published by the Department on September 26, 2025, https://www.dol.gov/sites/dolgov/files/general/plans/dol-contingency-plan.pdf. That circular indicates that the Department intends to retain 1,383 staff on duty throughout the shutdown who are deemed "[n]ecessary to perform activities necessarily [sic] implied by law." The guidance enumerates activities that will be continued notwithstanding the shutdown, stating that, among other things: "Relevant agencies will pursue and address legal cases

or investigations in jeopardy of being lost due to statute of limitations or as otherwise ordered by the court." *Ibid.*

As authority for its motion to stay, the government cites 31 U.S.C. § 1342, which provides that "[a]n officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services . . . or employ personal services exceeding [those] authorized by law except for emergencies involving the safety of human life or the protection of property." The case law construing the import of that statute during a lapse in government appropriations is thin. However, the Sixth Circuit Court of Appeals has observed in passing that as a general rule government attorneys whose work is not otherwise authorized on an "emergency" basis are not permitted to work during a lapse in appropriations. *See United States v. Trevino*, 7 F.4th 414, 421 n.6 (6th Cir. 2021) ("The prosecution cannot continue without expenditures[,] [and] The Anti-Deficiency Act prohibits any government official from carrying out the prosecution on an unpaid, volunteer basis.") (citing 31 U.S.C. § 1342).

Other circuits, however, have taken a less sanguine view and occasionally have denied similar requests on the ground that labor by government counsel not otherwise "authorized by law" nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines. *E.g.*, *People for the Ethical Treatment of Animals v. USDA*, 912 F.3d 641 (D.C. Cir. 2019) ("[W]ithout any current appropriation to fund DOJ activities, any 'personal services' employed to defend the appeal would seem to be not 'authorized by law.' The counter-argument must be that activity not otherwise 'authorized by law' becomes so when this Court orders it.") (denying motion to stay briefing deadlines due to lapse in government appropriations); *see also Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019) (same).

Moreover, all lawyers practicing in this district undertake certain obligations to the Court embodied in the Michigan Rules of Professional Conduct.  "[Eastern District of Michigan] Local Rule 83.20(j) provides that an attorney who practices in this District 'is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings,'" and "[b]y appearing in this Court, [the government's lawyers] have consented to abide by the Michigan Rules of Professional Conduct." *Mitsuiya Indus. Co. v. Formed Fiber Techs., Inc.*, No. 22-10941, 2023 WL 9112209, at *3 (E.D. Mich. Dec. 19, 2023).  Although the Rules of Professional Conduct permit withdrawal by counsel in certain situations, such as where a client refuses to fulfill the terms of a fee agreement, *see* Mich. Rule of Prof. Conduct 1.16(b)(4), the rules also require that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation," *id.* at 1.16(c).  Those mandates, nevertheless, are not binding on administrative staffers of executive branch client agencies who do not appear as counsel of record in this Court.

As the plaintiff points out, the Secretary delayed formal action on the grievances presented by the plaintiff for more than a year before this case was filed.  Four more months of delay accrued since this suit was commenced.  And that delay comes on the heels of the Court's adjudication of the plaintiff's prior lawsuit where the Court found that the Secretary acted arbitrarily and capriciously by rejecting the grievances without delving into the merits of the plaintiff's complaints about the UAW's handling of its officer elections.  *See Lehman v. U.S. Dep't of Lab.*, 738 F. Supp. 3d 919 (E.D. Mich. 2024).  The cumulative delay from the plaintiff's first submission of his grievances to the Department of Labor on March 29, 2023, has amounted to more than two

years, and a substantial portion of that delay is attributable to the Secretary's arbitrary dismissal of the grievances upon initial presentation. The plaintiff — and the Court — have justifiable concerns about allowing further delay to elapse, when the merits of the grievances ought to have been addressed in the first instance years ago.

The Secretary's guidance on shutdown activities indicates that staff are available and on duty to continue "legal cases [and] investigations . . . as [] ordered" by the Court. Under the circumstances, the Court finds that it has authority to require continuation of the representation by counsel, and that the Department of Labor has represented publicly that it has designated staff to be retained during the shutdown to assure progress of the investigation and honor the deadlines established in this matter, as previously ordered by the Court. The Court finds that the government has not established good grounds for either a stay or an extension of the deadlines previously established. The motion therefore will be denied.

Accordingly, it is **ORDERED** that the government's motion to stay proceedings and suspend deadlines (ECF No. 14) is **DENIED**.

                                                           s/David M. Lawson  
                                                         DAVID M. LAWSON  
                                                         United States District Judge

Dated:   October 2, 2025